UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HIGHER ONE, INC., | : |
| Plaintiff, | : Case No.: |
| v. | : |
| | : Jury Trial Demanded |
| TOUCHNET INFORMATION SYSTEMS, INC., | : |
| Defendant. | : September 8, 2010 |

## COMPLAINT

Plaintiff Higher One, Inc. ("Higher One"), for its Complaint against Defendant TouchNet Information Systems, Inc. ("TouchNet"), alleges.

1. This is an action for patent infringement, arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, in particular 35 U.S.C. §§ 271 and 281. This Court has subject matter jurisdiction under 35 U.S.C. § 281 and 28 U.S.C. §§ 1331 and 1338 (a).

### THE PARTIES AND VENUE

2. Higher One is a Delaware corporation with its principal place of business at 25 Science Park, New Haven, Connecticut 06511.

3. TouchNet is, on information and belief, a Kansas corporation with its principal place of business at 15520 College Blvd., Lenexa, Kansas 66219-1353.

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1400 (b) and 1391 (b)(1) and (c). TouchNet is a corporation subject to personal jurisdiction in this judicial district pursuant to the Connecticut Long-Arm statute, Conn. Gen. Stat. §§ 33-

929 (f)(2), (3) and (4), because Higher One's causes of action arise out of TouchNet's repeated solicitation of business in this State, TouchNet's distribution of goods with the reasonable expectation that they would be used and consumed in this State and are so used and consumed, and TouchNet's tortious conduct by infringing Higher One's patent in this State. For each of these independent reasons, TouchNet is deemed to reside in Connecticut for purposes of 28 U.S.C. §§ 1391 (b)(1) and (c) and 1400 (b). Venue is also proper in this judicial district under 28 U.S.C. § 1391 (b)(2), because a substantial part of the events giving rise to Higher One's claims occurred here.

5. TouchNet's infringing products are marketed and sold under the name "Bill+Payment Suite." On information and belief, TouchNet regularly markets its infringing "Bill+Payment Suite" products in Connecticut, employs a sales force that regularly seeks to sell its infringing "Bill+Payment Suite" products in Connecticut, and has sold its infringing "Bill+Payment Suite" products to customers in Connecticut.

6. Higher One currently has an action pending in this district against TouchNet regarding TouchNet's infringement of U.S. Patent No. 7,496,536 ("the '536 Patent"), owned by Higher One. The case is Civil Action Number 3:09CV337 (AWT).

## FACTS

7. On September 7, 2010, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,792,744 ("the '744 Patent"), entitled "Systems and Methods for Facilitating a Distribution of Bank Accounts via an Educational Institution." A true and correct copy of the '744 Patent is attached to this Complaint as Exhibit A. Through an assignment recorded in the U.S. Patent and Trademark Office on

January 14, 2003, at Reel 013673, Frame 0024, Higher One owns all right, title and interest in and to the '744 Patent, including the right to redress all past and present infringements of the patent. The '744 Patent is in full force and effect, with all necessary fees having been paid.

8. Higher One pioneered novel and non-obvious refund management processes described and claimed in the '536 and '744 patents. Before HigherOne's patented processes, colleges and universities employed time-consuming, complicated and expensive paper-based processes to make payments to students receiving funds such as financial aid from the schools. These payments, which are processed per semester and referred to as "refunds" by colleges and universities, are crucial to students because they enable them to pay living expenses, buy books, and pay other expenses necessary to maintain their enrollment. The previously prevailing refund processes often resulted in long delays in payment, causing students material financial hardship, and forced the educational institutions to incur significant extra costs for the labor, equipment, printing, paper and postage necessary to generate and mail refund checks. Also, the United States Department of Education has adopted complex regulations governing these refund payments. Compliance with these regulations imposed an extra financial and logistical burden on educational institutions that used traditional refund payment methods, and the institutions face potential penalties for non-compliance.

9. Higher One, founded in 2000 by three Yale University undergraduates, has transformed higher education financial practices with the innovative systems and methods of refund management described in the '536 and '744 patents. Indeed, Higher One is widely recognized among college and university financial officials as the inventor

of true refund management services. Employing software described and claimed in the '536 Patent, Higher One now provides its refund management services, marketed as the One Disburse® Refund Management® system, on 270 higher education campuses with over 1.5 million students, and has processed more than $6 billion in refund payments. The services built around the '536 and '744 patented inventions have fueled Higher One's striking growth: the company now has over 250 employees, and recorded 2008 revenues of over $40 million.

      10.    The groundbreaking inventions described and claimed in the '536 and '744 patents relate generally to systems and methods to facilitate a transfer of a refund amount from an educational institution to a student. The particular systems and methods of the patented inventions facilitate a transfer of a refund amount from an educational institution to a student by receiving information from the institution about the size of the refund amount, determining the method of delivery chosen by the student, and automatically arranging for the timely payment of the refund amount in accordance with the chosen method of delivery. The inventions enable educational institutions to process and transfer refunds to students more efficiently and reliably, which in turn enables students to comply more quickly and reliably with their own financial obligations. The inventions have also significantly facilitated compliance with Department of Education regulations, and have enabled the colleges and universities that purchase Higher One's Refund Management® system to achieve substantial savings compared to the traditional processes for paying refunds: Higher One customers report average annual savings of $500,000.

11. Specifically, the '744 Patent describes and claims systems and methods for facilitating the distribution of bank accounts via an educational institution. Using information received from the educational institution, a soft bank account may be created for each student. Upon acceptance from the student, that soft bank account may be converted to an accessible bank account. The accessible bank account can provide various financial functions including alumni donations, grant administration, procurement, financial aid refunds, tuition payments, person-to-person payments, investments, short term borrowing and long term borrowing. The systems and methods of the '744 Patent can allow for the refunds processed under the '536 Patent to be provided to a student via the accessible bank account.

12. TouchNet is a direct competitor of Higher One. Through various means, including its website "touchnet.com" and a field sales force, TouchNet offers for sale and sells in the United States a competing system, "eRefunds," which is incorporated in its Bill+Payment Suite that infringes the '744 Patent.

## COUNT I – PATENT INFRINGEMENT

13. Higher One incorporates paragraphs 1 through 12 as if fully set forth.

14. TouchNet, without Higher One's authorization, is engaged in this judicial district and elsewhere in the United States in the manufacture and/or use and/or offering for sale and/or sale of its "Bill+Payment Suite" system, and/or is contributing to and/or actively inducing others to engage in such activities, in infringement of one or more claims of the '744 Patent and in violation of one or more sub-paragraphs of 35 U.S.C. § 271, including but not limited to, direct infringement under 35 U.S.C. § 271 (a).

15.     TouchNet's infringing acts have damaged and are continuing to damage, Higher One, and unless the Court enjoins those acts, TouchNet will continue to cause Higher One irreparable harm for which there is no adequate remedy at law, entitling Higher One to injunctive relief under 35 U. S. C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Higher One prays for this relief:

A.      A judgment that TouchNet has infringed one or more claims of the '744 Patent;

B.      A judgment requiring TouchNet to pay damages adequate to compensate Higher One for TouchNet's infringement of the '744 Patent, pursuant to 35 U.S.C. § 284, including an accounting;

C.      An award to Higher One of its costs in connection with this action;

D.      An award to Higher One of pre-judgment and post-judgment interest on its damages;

E.      A preliminary and permanent injunction barring TouchNet and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from further infringement of the '744 Patent pursuant to 35 U.S.C. § 283; and

F.      Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Higher One requests trial by jury of all claims and issues so triable under law.

**PLAINTIFF**
**HIGHER ONE, INC.**


By: _____
Edward Wood Dunham (ct05429)
WIGGIN AND DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
(203) 782-2889 fax
edunham@wiggin.com

Joseph V. Saphia (Of Counsel)
Laura A. Chubb (ct 27794)
WIGGIN AND DANA LLP
450 Lexington Avenue, Suite 3800
New York, NY 10017
(212) 490-1700
(212) 490-0536 fax
jsaphia@wiggin.com
lchubb@wiggin.com

*Attorneys for Plaintiff*

16873\15\2416888.1