IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HIGHER ONE, INC., | : | |
| Plaintiff, | : | Civil Action No. 3:10cv1435(AWT) |
| v. | : | December 20, 2010 |
| TOUCHNET INFORMATION SYSTEMS, INC., | : | |
| Defendant. | : | |

**PARTIES' 26(f) REPORT**

Date Complaint Filed: September 8, 2010

Date Complaint Served: September 20, 2010

Date of Defendant's Appearance: October 7, 2010

---

Pursuant to Fed. R. Civ. P. 16(b) and 26, D. Conn. L. Civ. R. 16 and 26(f), and this Court's November 5, 2010 order granting an extension of time, a conference was held on December 6, 2010. The participants were:

Laura A. Chubb for the Plaintiff, Higher One, Inc. ("Higher One" or "Plaintiff").

Kyle L. Elliott and Lih C. Chen for the Defendant, Touchnet Information Systems, Inc ("Touchnet" or "Defendant").

**I.      Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with

1

their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.  Jurisdiction**

  A. *Subject Matter Jurisdiction*

Subject matter jurisdiction is based upon the Patent Laws of the United States, specifically 35 U.S.C. § 281. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a).

  B. *Personal Jurisdiction*

Personal jurisdiction is not contested.

**III.  Brief Description of Case**

This is a patent infringement case.

  A. *Claims of Plaintiff*:

Plaintiff asserts that Defendant infringes U.S. Patent No. 7,792,744 (the "'744 Patent"), owned by Plaintiff, by selling, marketing, and advertising in the United States its "Bill+Payment Suite" product. The '744 Patent is entitled "Systems and Methods for Facilitating a Distribution of Bank Accounts via an Educational Institution," and its subject matter relates to systems and methods for facilitating the distribution of bank accounts via an educational institution.

Plaintiff seeks injunctive and monetary relief for the alleged patent infringing acts of Defendant in marketing and selling Defendant's Bill+Payment Suite.

  B. *Defenses and Counterclaims of Defendant:*

While not comprehensive, Defendant asserts that it does not infringe any valid or properly construed claim of the '744 Patent. Defendant asserts that the '744 Patent is

invalid as obvious in view of prior art. Defendant asserts that Plaintiff failed to comply with and the failure to satisfy one or more conditions of patentability specified in Title 35, including Sections 101, 102, 103, and 112. Defendant seeks a declaratory judgment that Defendant does not infringe, directly or indirectly, any valid or enforceable claim of the '744 Patent, and further asserts and seeks a declaratory judgment that the '744 Patent is invalid and unenforceable for failure to satisfy the conditions of patentability, including those under 35 U.S.C. §§ 101, 102, 103, and 112. Defendant asserts that Plaintiff has violated antitrust laws under Federal and Connecticut law, including Plaintiff's enforcement of the '744 Patent while knowing it is invalid, Plaintiff's institution of a baseless patent litigation to achieve its unlawful anticompetitive objectives, Plaintiff's pricing in a predatory manner and unlawfully extending its monopoly power. Defendant asserts that Plaintiff has used its monopoly power to burden consumers, and has engaged in anti-competitive conduct to harm others in the market. Defendant further asserts that Plaintiff's claims of infringement are baseless and pursued in an attempt to interfere with business relationships. Defendant also asserts several additional affirmative defenses.

    C.    *Defenses and Claims of Third Party Defendants*

There are no third party defendants.

**IV.    Statement of Undisputed Facts:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1.    Plaintiff, Higher One, Inc. is a Delaware corporation with its principal place of business at 25 Science Park, New Haven, Connecticut 06511.

2. Defendant, Touchnet Information Systems, Inc. is a Kansas corporation with its principal place of business in Lenexa, Kansas.

3. On September 7, 2010, the United States Patent and Trademark Office issued U.S. Patent No. 7,792,744, entitled "Systems and Methods for Facilitating a Distribution of Bank Accounts via an Educational Institution." The '744 Patent names as its inventors: Miles Lasater, Sean Glass, Mark Volchek, Jeff Wong, Ernest C. Jones, Casey McGuane, Henry G. Fuldner and Kiril Savino.

**V.    Case Management Plan**

A.    *Standing Order on Scheduling in Civil Cases*

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

| **Deadline** | **Standing Order Deadline** | **Requested Modification** |
|---|---|---|
| Motions relating to joinder of parties, claims or remedies, and amendment of the pleadings | Within 60 days after filing of the complaint | Within 3 months after the filing of this 26(f) Report (*see* V(D)(1) below). |
| Motions to dismiss based on the pleadings under Fed. R. Civ. P. 12(b) | Within 90 days after the filing of the complaint. | No modification requested. |
| Completion of Discovery | Within 6 months after the filing of the complaint. | Within 120 days after the issuance by the Court of a *Markman* ruling (*see* V(E)(4) below). |

The parties request the Court to resolve the dispute on the following disputed deadline

| Deadline | Standing Order Deadline | Higher One's Requested Modification | TouchNet's Requested Modification |
|---|---|---|---|
| Dispositive Motions | Within 7 months after the filing of the complaint. | Within 60 days after the completion of discovery (*see* V(G) below). | No later than 60 days after the completion of all discovery (*see* V(G) below). |

B.   *Scheduling Conference with the Court*

Recognizing that this proposed scheduling order may be mooted by the Court's decision on Plaintiff's Motion to Consolidate Cases in Higher One, Inc. v. Touchnet Information Systems, Inc., 3:09-cv-00337-AWT, the parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.   *Early Settlement Conference*

    1.   The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

    2.   The parties do not request an early settlement conference.

    3.   The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.   *Joinder of Parties and Amendment of Pleadings*

1. Parties should be allowed, without leave of court, until 3 months from the filing of this 26(f) Report to file motions to join additional parties and to file motions to amend the pleadings.

2. Defendant has already filed a response to the complaint.

E.   *Discovery*

1. Without either party conceding the relevance thereof, and without waiving their rights to contest specific requests, the parties anticipate that discovery will be sought on the following subjects:

   a. The construction (interpretation) of the claims of the '744 Patent and the alleged infringement thereof by Defendant.

   b. All damages incurred by Plaintiff as a result of the alleged infringement.

   c. The validity of the '744 Patent in view of the prior art.

   d. The enforceability of the '744 Patent and its satisfaction of the conditions of patentability.

   e. The subject market and the effect of this suit on the subject market.

   f. Plaintiff's alleged anti-competitive practices.

2. Fact discovery will be commenced after exchange of initial disclosures (*see* V(F) below).

3. Discovery will be conducted in phases.

4. All discovery, including expert discovery, will be completed (not propounded) by one hundred and twenty (120) days following issuance by the Court of a *Markman* ruling.

5. The parties anticipate that the plaintiff will require a total of no more than 10 depositions of fact witnesses and that the defendant will require a total of no more than 10 depositions of fact witnesses. The depositions may commence after exchange of initial disclosures.

6. The parties may request permission to serve more than 25 interrogatories.

7. Claim Construction (*Markman*) proceedings:

    a. Plaintiff shall identify claims being asserted and provide proposed constructions for claim terms requiring construction by six (6) months after discovery commences. The Plaintiff shall also provide preliminary references from the specification or prosecution history and extrinsic evidence it contends supports its constructions, including without limitation dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses, and identification of the structure(s), act(s) or material(s) corresponding to each term it contends is governed by 35 U.S.C. § 112(6).

    b. Defendant shall provide proposed claim constructions for claim terms identified by Plaintiff and for any additional claims or terms requiring construction within forty-five (45) days after Plaintiff's proposal in V(E)(7)(a). The Defendant shall also provide preliminary references

from the specification or prosecution history and extrinsic evidence it contends supports its constructions, including without limitation dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses, and identification of the structure(s), act(s) or material(s) corresponding to each term it contends is governed by 35 U.S.C. § 112(6).

    c.    Plaintiff shall provide proposed constructions for any additional claim terms identified by Defendant as requiring construction within twenty-one (21) days after Defendant's proposal in V(E)(7)(b). The Plaintiff shall also provide preliminary references from the specification or prosecution history and extrinsic evidence it contends supports its constructions, including without limitation dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses, and identification of the structure(s), act(s) or material(s) corresponding to each term it contends is governed by 35 U.S.C. § 112(6).

    d.    The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Statement.

    e.    The parties shall file a Joint Statement with the Court within twenty-one (21) days after Plaintiff's additional proposal in V(E)(7)(c) identifying agreed upon claim constructions and proposed constructions for terms upon which the parties do not agree. The Joint

Statement shall include an identification of all references from the specification or prosecution history that support a party's construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim term or to oppose the other party's proposed construction of the claim term, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. If a party intends to rely upon the testimony of percipient witnesses, then that party shall include a summary of the proposed testimony in sufficient detail to permit a meaningful deposition of that witness. If a party intends to rely upon expert testimony to support its constructions, then the party shall serve an opening expert report within twenty-one (21) days after Plaintiff's additional proposal in V(E)(7)(c).

      f.      The parties shall serve any rebuttal expert reports regarding claim construction, within fourteen (14) days of any opening expert report regarding claim construction served pursuant to V(E)(7)(e).

      g.      The parties shall complete all discovery relating to claim construction within sixty (60) days after the service and filing of the Joint Statement in V(E)(7)(e). This shall include completion of any depositions of any witnesses with respect to claim construction, including experts identified in the Joint Statement.

h. The parties shall serve simultaneous claim construction briefs ("opening briefs"), including any supporting evidence, one (1) month after the completion of all discovery relating to claim construction.

i. The parties shall serve simultaneous opposition claim construction briefs, including any supporting evidence, one (1) month after the opening briefs in V(E)(7)(h).

j. The parties will submit a statement to the Court within ten (10) days after the parties file opposing briefs in V(E)(7)(i) stating whether the parties believe a *Markman* hearing is necessary for construction of the claims at issue. If the parties believe a *Markman* hearing is necessary, the parties shall also indicate: (a) whether the parties desire live testimony to be heard at the a *Markman* hearing, (b) the order of presentation at the *Markman* hearing, (c) the anticipated length of time necessary for the *Markman* hearing, (d) a request to schedule a prehearing conference, and (e) a list of any other issues which might appropriately be taken up at a prehearing conference.

k. The Court may schedule a *Markman* hearing, at a time convenient for the Court, if it believes a hearing is necessary for construction of the claims at issue.

l. The Court may schedule a technology tutorial, at a time convenient for the Court, if it believes a technology tutorial would be helpful to the Court.

8. Expert (not related to claim construction) Discovery:

a. The party bearing the burden of proof on a claim or affirmative defense (not related to claim construction) as to which expert testimony will be offered shall provide opposing counsel with reports ("opening reports") pursuant to Fed. R. Civ. P. 26(a)(2) within sixty (60) days of the Court's *Markman* ruling. Opening reports from experts on damages are also to be exchanged at the time of the opening expert reports.

b. Expert rebuttal reports (not related to claim construction), if any, shall be exchanged within thirty (30) days of receipt of the opening reports. Expert rebuttal reports on damages are to be exchanged within thirty (30) days of receipt of the opening expert reports.

c. Deposition of experts (not related to claim construction) shall conclude within sixty (60) days following exchange of expert rebuttal reports.

9. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

a. Parties will preserve relevant and responsive

electronically stored information ("ESI") and continue routine computer operations critical to ongoing activities, including the automatic creation and deletion or overwriting of certain non-relevant, non-responsive information;

  b. Parties will produce ESI that is relevant, responsive, not privileged, and reasonably accessible, as defined by Fed. R. Civ. P. 26(b)(2)(B), all subject to the Fed. R. Civ. P. 26(b)(2)(C) limitations that apply to all discovery;

  c. The producing party has the burden of retrieving and reviewing relevant, accessible and responsive ESI for privilege or protection before production. <u>Each party will bear its own costs for assembling, reviewing, and producing ESI</u>;

  d. ESI will be produced in a form reasonably usable by any party; and

  e. The parties will not produce meta data relating to ESI that has been produced.

10. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures of asserting privilege claims after production. The parties agree that any inadvertent production of privileged or work product information will be addressed in accordance with the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B).

F. *26(a)(1) Disclosures*

The parties will serve the disclosures required under Fed. R. Civ. P. 26(a)(1) within fourteen (14) days of the 26(f) conference.

G. *Dispositive Motions*

1. The parties request that the Court resolve the following disputed scheduling issues regarding dispositive motions.

2. Deadline For Filing Dispositive Motions

a. Higher One's Proposed Scheduling for Dispositive Motions: Dispositive motions will not be filed prior to the completion of all discovery, and will be filed within sixty (60) days following the completion of all discovery. A party filing a dispositive motion shall make only one dispositive motion to the Court, which includes any theories for disposing of any claim.

b. TouchNet's Proposed Scheduling for Dispositive Motions: Dispositive motions will be filed at any time, but no later than sixty (60) days following the completion of all discovery.

3. How Dispositive Motions Are Filed

a. Higher One's Proposal: A party filing a dispositive motion shall make only one dispositive motion to the Court, which includes any theories for disposing of any claim.

b. TouchNet's Proposal: Parties filing dispositive motions shall make separate motions based on the Federal Rules of Civil Procedure and distinctive subject matter.

H.　*Joint Trial Memorandum*

The parties will contact the Court to schedule a conference with the Court, as the Court's schedule may allow, to schedule deadlines for the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases within ten (10) days of the Court's disposition of any dispositive motions or, if no such motions are filed, following the expiration of the period to file dispositive motions.

**VI.　Trial Readiness**

The case will be ready for trial by the date of the Joint Trial Memoranda

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**PLAINTIFF**
**HIGHER ONE, INC.**

Date: December 20, 2010

By: /s/Laura A. Chubb
Edward Wood Dunham (ct05429)
WIGGIN AND DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
(203) 782-2889 fax
edunham@wiggin.com

Joseph V. Saphia (Of Counsel)
Laura A. Chubb (ct27794)
WIGGIN AND DANA LLP
450 Lexington Avenue, Suite 3800
New York, NY 10017
(212) 490-1700
(212) 490-0536 fax
jsaphia@wiggin.com
lchubb@wiggin.com

*Attorneys for Plaintiff*

**DEFENDANT
TOUCHNET INFORMATION SYSTEMS, INC.**

Date: December 20, 2010      By: /s/Kyle L. Elliott

Elizabeth A. Alquist (ct15643)
Nicholas A. Pisarsky (ct27916)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103-1212
(860) 275-0100
(860) 275-0343 fax
eaalquist@daypitney.com
npisarsky@daypitney.com

Of Counsel:
Patrick J. Whalen
Kyle L. Elliott
SPENCER FANE BRITT & BROWNE LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216 fax
pwhalen@spencerfane.com
kelliott@spencerfane.com

I. Edward Marquette
KUTAK ROCK LLP
1010 Grand Blvd., Suite 500
Kansas City, MO 64106
(816) 960-0090
(816) 960-0041 fax
Ed.marquette@kutakrock.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

It is hereby certified that on this 20th day of December, 2010, a true copy of the foregoing PARTIES' 26(f) REPORT was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                                                                                /s/Laura A. Chubb
                                                                                                                               Laura A. Chubb