# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

———————————————————————— )
                                                     )
HIGHER ONE, INC.                                     )
                                                     )          Civil Action No.
                    Plaintiff,                       )        3:10-cv-01435 (AWT)
                                                     )
        v.                                           )
                                                     )
TOUCHNET INFORMATION                                 )
SYSTEMS, INC.                                        )
                                                     )        DECEMBER 22, 2010
                    Defendant.                       )
———————————————————————— )

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
## ITS PROPOSED SCHEDULING ORDER

The few unresolved differences in the parties' proposed schedules concern the filing of dispositive motions. Because plaintiff's proposal contradicts the framework specified by the Federal Rules of Civil Procedure and is inconsistent with Court precedent and custom, defendant respectfully requests the adoption of it's proposed schedule.

## I.    ARGUMENT

### A.    Fed. R. Civ. P. 56

Plaintiff's proposed schedule barring the filing of dispositive motions until after the close of discovery violates the Federal Rules of Civil Procedure and misconstrues this Court's prior ruling. Neither this Court nor the Federal Rules would preclude either party from filing appropriate dispositive motions at appropriate time. *See* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."); *Beary v. West Pub. Co.*, 763 F.2d 66, 68 (2d Cir.

1985) ("Fed.R.Civ.P. 56(b) expressly authorizes a party to file a motion for summary judgment 'at any time.'").

While plaintiff certainly can respond to any summary judgment motion by demonstrating that "it did not have the opportunity to discover information that is essential to its opposition to the motion for summary judgment," TouchNet undoubtedly has the right to file for summary judgment before the close of discovery. *See United Aluminum Corp. v. BOC Group*, 08-cv-977 (JCH), 2009 U.S. Dist. LEXIS 74259, at *14 (D. Conn. Aug. 21, 2009) (internal quotation marks omitted).[1]

**B.      Fed. R. Civ. P. 12(c)**

Similarly, plaintiff's proposed schedule would have this Court re-write Fed. Civ. P 12(c) by seeking to bar motions for judgment on the pleadings until after discovery ends.  Plaintiff's proposed schedule would turn on its head Rule 12 which expressly allows "motions for judgment on the pleadings to be brought under Rule 12(c) any time 'after the pleadings are closed—but early enough not to delay trial.'"  *Dickerson v. Cal. Waste Solutions*, C 08-03773 WHA, 2009 U.S. Dist. LEXIS 88079, at *9-10 (N.D. Cal. Sept. 8, 2009) (quoting Fed. R. Civ. P. 12(c)).  *See also  Bey v. City of New York*, 99 Civ. 3873 (LMM) (RLE), 2010 U.S. Dist. LEXIS 99645, at *13 (S.D.N.Y. Sept 21, 2010) ("Reaching the merits of Defendant's 12(c) motion serves the interest of judicial economy and may save the parties unnecessary time and expense which otherwise would be incurred during trial.")

Plaintiff's proposal not only contradicts Rule 12(c) but also this Court's practice and custom. For example, earlier this year, this Court granted a defendant's 12(c) motion filed well before discovery closed.  *See Arrowhead Surplus Lines Ins. v. Westport Ins. Co.*, Case No. 3:08-cv-1393-AWT at Docket Nos. 23 and 37.  Likewise, in its handling of prior patent infringement cases, this Court has entertained summary judgment motions filed prior to the close of discovery.  *See* Docket

---

[1] Unreported cases are attached as Exhibit A.

WA 2607745.1

for *SAB Technology v. Port, Inc.*, 3:01CV00084 (AWT); Docket for *Infiltrator Systems, Inc. v. Cultec, Inc.*, 3:01CV2188 (AWT).

Plaintiff's proposed schedule would also eliminate the non-moving party's burden in responding to dispositive motions.  "The Second Circuit places a significant burden on a party seeking to avoid summary judgment by requesting discovery under Rule 56(f) . . . 'an opposing party's mere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify the denial of the motion.'"  *Seradreuc v. Advanced Medical Optics*, 532 F.3d 1352, 1364 (Fed. Cir. 2008), *citing Contemporary Mission Inc. v. U.S. Postal Service*, 648 F.2d 97, 107 (2d Cir. 1981).  To the extent a Rule 12(c) or Rule 56 motion is filed before the close of discovery, the non-moving party not only has a right, but the burden of proving the need for additional discovery.  Because plaintiff's proposed schedule would eliminate this burden, defendant's proposed schedule should be adopted.

## II.     CONCLUSION

The parties' proposed schedules differ on the right to file dispositive motions.  Because defendant's proposed scheduling order on dispositive motions is consistent with the Federal Rules and Court precedent, defendant requests that the Court permit the filing of dispositive motions as contemplated in Rules 12 and 56 as well as normal custom.

WA 2607745.1

Respectfully submitted,

By:   __/s/ Patrick J. Whalen_____

    Patrick J. Whalen
    Kyle L. Elliott
    SPENCER FANE BRITT & BROWNE LLP
    1000 Walnut Street, Suite 1400
    Kansas City, MO  64106
    Tel: (816) 474-8100
    Fax: (816) 474-3216
    pwhalen@spencerfane.com
    kelliott@spencerfane.com

DAY PITNEY LLP
Elizabeth A. Alquist (ct15643)
Nicholas A. Pisarsky (ct27916)
242 Trumbull Street
Hartford, CT 06103-1212
Tel: (860) 275-0100
Fax: (860) 275-0343
eaalquist@daypitney.com
npisarsky@daypitney.com

KUTAK ROCK LLP
I. Edward Marquette
1010 Grand Blvd., Suite 500
Kansas City, MO 64106
Tel: (816) 960-0090
Fax: (816) 960-0041
Ed.Marquette@KutakRock.com

*Attorneys for Defendant*
*TouchNet Information Systems, Inc.*

WA 2607745.1

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on December 22, 2010, a copy of the foregoing Memorandum of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Nicholas A. Pisarsky

WA 2607745.1