IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HIGHER ONE, INC. ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 3:10-cv-01435-AWT |
| v. ) | |
| ) | [REDACTED] |
| TOUCHNET INFORMATION SYSTEMS, ) | |
| INC., ) | January 6, 2014 |
| ) | |
| Defendant. ) | |

**HIGHER ONE INC.'S REPLY IN SUPPORT OF
ITS RENEWED MOTION TO DISMISS ITS COMPLAINT
AND DEFENDANT'S DECLARATORY JUDGMENT COUNTERCLAIMS**

In the Spring of 2012, Plaintiff Higher One, Inc. ("HOI") offered Touchnet Information Systems, Inc. ("TN") a covenant not to sue ("CNS") for patent infringement of U.S. patent number 7,792,744 ("the '744 patent") for TN's currently manufactured and sold products, and asked TN to join HOI and dismiss this case. Instead of welcoming HOI's offer, TN refused to agree to a voluntary dismissal of **any** of its claims, even those that would clearly lack subject matter jurisdiction (the patent-related declaratory judgment counterclaims). The reason - TN suddenly revealed a new and "imminent" launch of a product against which it feared HOI would bring a patent infringement action. In view of TN's Opposition and revelation, HOI withdrew its Motion and continued this suit. Now, over eighteen months later, TN has still not launched that new, "imminent" product, and after extensive discovery, HOI has learned that TN has ceased development of that product, has no definitive plans to launch it, and may never do so. Still seeking to move this dispute forward, HOI again provided TN with the same CNS. But once

again TN refuses to withdraw even its patent-related declaratory judgment counterclaims (Counts IV-VI).  HOI was forced to make its renewed motion.

No patent infringement claims remain in this case.  HOI's CNS is clear, unconditioned and irrevocable, and this Court no longer needs to or has subject matter jurisdiction to decide infringement, validity or enforceability of the '744 patent.  Additionally, because TN seeks to advance frivolous claims grounded in patent misuse, HOI requests leave for HOI to amend its answer to include declaratory judgment claims related to TN's claims and to add a request for fees to defend against TN's baseless claims.

TN's motivation in opposing HOI's attempt to streamline resolution of disputes between the parties is clear - it seeks nothing more than an *advisory opinion* for its non-existent debit card product.  TN cannot seriously maintain, like it has in the past, that TN is under any imminent danger from assertion of the '744 patent for any product it currently makes, uses or sells.

**I.     HOI's CNS Bars It From Reasserting Its Claims**

HOI's CNS operates to bar HOI from asserting infringement of any TN product currently made, used, or offered for sale in the U.S.  TN argues that dismissal of HOI's patent infringement claim must be with prejudice so that HOI does not have an opportunity to reassert its claim and to confirm that HOI's CNS is indeed irrevocable.  (Defendant's Opposition to Plaintiff's Renewed Motion to Dismiss the Complaint and Declaratory Judgment Counterclaims (Dkt No. 84) ("TN's Opp.") at pp. 2-4)  First, as TN itself admits, Rule 41 of the Federal Rules of Civil Procedure states that voluntary dismissals, such as HOI's here, are without prejudice unless the court orders otherwise.  FED. R. CIV. P. 41(a).  In support of its view that HOI's claim should be dismissed with prejudice, contrary to Rule 41, TN cites to *Cooper Notification, Inc. v. Twitter, Inc.*, No. 2012-1615, 2013 U.S. App. LEXIS 18120, at * 21 (Fed. Cir. Aug. 30, 2013).

But in that case, plaintiff's claims were dismissed with prejudice because it voluntarily withdrew its claims but then wanted to **reassert** the claims based upon a change in the inducement law. That is not the case here.

**II.      TN Has Failed to Meet Its Burden Of Showing This Court Still Has Subject Matter Jurisdiction Over Its Patent-Related Declaratory Judgment Counterclaims**

As HOI stated in its motion, under *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) and its progeny, TN, the party seeking declaratory judgment relief, bears the burden of showing subject matter jurisdiction still exists and existed at all times.  *See Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007) ("The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since… .") (citing *MedImmune*).  *MedImmune* has not been overruled.  TN, however, argues that under *Already, LLC v. Nike, Inc.*, 133 S.Ct. 721 (2013),  TN no longer has the burden of showing subject matter jurisdiction still exists for its patent-related declaratory judgment counterclaims, but rather HOI does, by showing its CNS moots the case.  (TN's Opp. at pp. 2, 4-6)  This is wrong.  In fact, several post-*Already* cases also state that TN bears the burden of showing subject matter jurisdiction still exists over its declaratory judgment counterclaims.  *See e.g., Cisco Sys., Inc. v. Alberta Telecommunications Research Ctr.*, 2012-1687, 2013 WL 4563117, at *3-4 (Fed. Cir. Aug. 29, 2013) (affirming dismissal of declaratory judgment complaint where covenant not to sue was offered at oral argument) (citing *MedImmune*); *Aquatech Int'l Corp. v. N.A. Water Sys., LLC*, CIV.A. 12-435, 2013 WL 3972625, at *4, *7 (W.D. Pa. July 31, 2013) (stating that "a plaintiff seeking a declaratory judgment must satisfy jurisdictional requirements by showing standing, ripeness, and a lack of mootness" and holding that the covenants not to sue precluded maintaining declaratory judgment jurisdiction) (internal citation omitted); *Organic Seed Growers*

3

*& Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350, 1358, 1360 (Fed. Cir. 2013) (holding that defendant's representations that it would not sue the declaratory judgment plaintiff would constitute judicial estoppel and warranted dismissal of the declaratory judgment claims).[1]

HOI's CNS covers all of TN's currently manufactured and sold products, and TN has not shown it has plans for any products that fall outside the CNS.  There is no reasonable expectation this controversy will recur, this case is moot, and, therefore, subject matter jurisdiction no longer exists for TN's declaratory judgment counterclaims.

**III.    HOI's CNS Eliminates Patent Infringement From This Case, Therefore, This Court No Longer Has Subject Matter Jurisdiction over TN's Patent-related Declaratory Judgment Counterclaims, and They Should be Dismissed**

TN argues that HOI's CNS does not moot this case for several reasons (TN's Opp. at pp. 5-10) and that subject matter still exists for its declaratory judgment counterclaims (TN's Opp. at pp. 11-16).  They are wrong.  TN says that HOI cannot rely on the Federal Circuit's *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) case, to validate its CNS as eliminating subject matter jurisdiction over TN's counterclaims because it was overruled by the Supreme Court in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S.Ct. 764 (2007). (TN's Opp. at pp. 6, 8)  This is just plain wrong.[2]

    **A.    HOI Offered TN an Enforceable CNS**

---

[1] In its opposition, TN itself even cites to several post-*Already* cases that rely on *MedImmune*.  *See Active Video Networks, Inc. v. Trans Video Electronics, Ltd.*, No. C-13-1980 EMC, 2013 U.S. Dist. LEXIS 142334, at 5-6* (N.D. Cal. Sept. 30, 2013) (applying *MedImmune*); *Butamax Advanced Biofuels LLC v. GEVO, Inc.*, Civ. No. 12-1301-SLR, 2013 U.S. Dist. LEXIS 62695, at *4-5 (D. Del. May 2, 2013) (same).  And TN also cites to a pre-*Already* case relying on *MedImmune*.  *See Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645, 651-52 (2008) (holding that fear of litigation over future products does not preclude a covenant not to sue from eliminating subject matter jurisdiction over declaratory judgment claims) (citing *MedImmune*).

[2] In fact, several post-*MedImmune* cases cite to *Super Sack* for exactly that proposition.  *See e.g.*, *Dow Jones & Co., Inc. v. Ablaise Ltd.,* 606 F.3d 1338, 1348 (Fed. Cir. 2010); *Benitec Australia, Ltd. v. Nucleonics, Inc.,* 495 F.3d 1340, 1344, 1346 (Fed. Cir. 2007); *Arris Grp., Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1381 (Fed. Cir. 2011); *Harris Corp. v. Federal Express Corp.*, 670 F. Supp. 2d 1306, 1311-12 (M.D. Fl. 2009) and *Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645 (M.D. Pa. 2008).  *Arris*, *Harris*, and *Dodge-Regupol* are even cases that TN cites to in its opposition, and presumably believes are precedential.

On November 26, 2013, HOI sent to TN, the following CNS:

> Our client, Higher One Inc. ("HOI"), has **decided** to withdraw its claim for infringement of the '744 patent (CVA 3:10-cv-1435 (AWT)) against TouchNet.
>
> Specifically, HOI will **not** sue TouchNet for patent infringement as to any claim of U.S. Patent No. 7,792,744 based on any products currently manufactured and sold by TouchNet.

(*See* November 26, 2013 e-mail from Mr. Saphia to Touchnet's counsel, attached hereto as Exhibit 1)  As is clear, there is no threat of future claims as HOI's CNS eliminates all past and future actions and damages for patent infringement by products currently manufactured and sold by TN.  Plus, this case has been pending for nearly four years, and HOI has not asserted patent infringement against any of TN's customers.  Neither TN, nor any of its customers, could reasonably maintain subject matter jurisdiction for a declaratory judgment action regarding the '744 patent.

Also, TN wrongly argues that because HOI did not make its CNS in an affidavit supporting its motions or formally execute and deliver the CNS, then the CNS is not enforceable and does not moot this case.  (TN's Opp. at pp. 5, 7)  But a binding promise can be contained in motion papers or an e-mail.  *See Super Sack,* 57 F.3d at 1059; *Benitec Australia*, 495 F.3d at 1343; and *Internet Pipeline, Inc. v. Aplifi, Inc.*, CIV. A. 10-6089, 2011 WL 4528340, at *1-2 (E.D. Pa. Sept. 29, 2011).  TN's argument now attempts to inappropriately hold onto its patent-related declaratory judgment counterclaims, in an effort to obtain an advisory opinion.

### B. TN's Unenforceability Declaratory Judgment Counterclaim Also Lacks Subject Matter Jurisdiction

Post-HOI's CNS, all patent-related declaratory judgment counterclaims should be dismissed for lack of subject matter jurisdiction.  Indeed, while the court may entertain a fee motion by TN, a finding of unenforceability would be collateral to that motion.  That is not the

same as retaining subject matter jurisdiction for the purposes of a declaratory judgment claim. *See Gaymar Industries, Inc. v. Cincinnati Sub-Zero Products, Inc.*, CIV. A. 08-299S, 2012 WL 176500 (W.D.N.Y. Jan. 20, 2012); and *Internet Pipeline*.

### C. HOI's CNS Unconditionally and Irrevocably Covers TN's Currently Manufactured and Sold Products

HOI's CNS is in no way temporary, revocable or conditioned upon any event. TN argues that under *Already*, a trademark case, HOI's CNS must expressly state it is unconditional and irrevocable so it is clear that HOI will not resume its action. (TN's Opp. at pp. 5, 7-9) *Already*, however, does not say that a CNS must explicitly state it is unconditional and irrevocable, just that the language is broad enough that the "covenant encompasses all of [the] allegedly unlawful conduct." *Already,* 133 S.Ct. at 728. Plain as day, and like the CNS in *Already*, HOI's CNS eliminates any claim of infringement of the '744 patent for any of TN's currently manufactured and sold products.

Further as part of its argument, TN analogizes HOI's CNS to the situation in *SanDisk Corp. v. STMicroelectronics NV*, 480 F.3d 1372 (Fed. Cir. 2007). (TN's Opp. at p. 9) However, *SanDisk* is distinguishable. In that case, the patent owner merely stated that it had "absolutely no plan whatsoever to sue" and during meetings to attempt to reach a cross-licensing deal, the patent owner went ahead and presented the alleged infringer with infringement charts. The Federal Circuit held the patent owner's mere statement was an insufficient CNS because of its course of conduct and demonstration of a "preparedness and willingness to enforce its patent rights." *Id.* at 1375-76, and 1382-83. Here, HOI has given no indication that its CNS is anything but unconditional and irrevocable. Again, TN is trying to create issues to keep its declaratory judgment counterclaims, when it knows the court should no longer hear them.

6

### D.     HOI's CNS Does Not Cover TN's New "Phantom" Product Because it Does Not Exist

The debit card product TN refers to is nothing more than a phantom, and TN has no "sufficiently concrete plans to engage in activities not covered by the covenant." 133 S.Ct. at 728-29.  TN argues that HOI's CNS does not moot this case because it does not address the debit card product that TN has allegedly offered for sale (although TN does not even offer evidence of those alleged offers).  (TN's Opp. at pp. 5, 9-10)  But as Touchnet's Vice President of Software Development, Dean Vermeire, testified, ███████████████████████████████████████████████████████████████████ (May 21, 2013 Deposition of Dean Vermeire ("Vermeire Dep.") at 18:23-19:8, attached hereto as Exhibit 2)  Because there is no code, there have been no sales.  The phantom product has never been and may never be manufactured and sold.  Why then would HOI's CNS include TN's phantom product when it has never existed?  Given that, HOI's CNS operates to divest this Court of subject matter jurisdiction over the '744 patent.

Knowing that its debit card product is only a phantom, TN's request to keep its declaratory judgment counterclaims inappropriately asks this court for an advisory opinion.  To try and justify its position, TN claims it is prepared to resume selling its phantom product once the cloud of this litigation is removed.  (TN's Opp. at p. 10)  This cannot be.  Not only has the debit card product never been sold before, it could not be as there is no software code or manufactured product.  In fact, TN's Director of Business Development, Terry Urness, confirmed that ███████████████████████████████████ (May 23, 2013 Deposition of Terry Urness ("Urness Dep.") at 197:13-22 and 181:4-11, attached hereto as Exhibit 3)  He further testified that ███████████████████████

███ Urness Dep. at 42:12-18 and 175:12-176:3) So only once that legislation is finalized, and only if TN decides to go forward with the debit card in light of the legislation, would TN consider marketing its debit card product. TN's phantom product has nothing to do with this litigation.

### E. Unknown, Possible Legislation Does Not Make TN's Phantom Product Impending and Does Not Give Jurisdiction

Given the status of TN's phantom product, it cannot be that once rulemaking is finalized, TN will launch its product. TN argues that it has taken preparatory steps to develop the debit card product and that once rule making is finalized it will launch the debit card product. (TN's Opp. at pp. 13-16) But to the contrary, Mr. Urness testified ███ (Urness Dep. at 116:20-117:5 and 128:15-18) Plus, when asked ███ Urness answered ███ (Urness Dep. at 73:19-22) And Mr. Vermeire, in charge of developing TN's software, said ███ (Vermeire Dep. at 32:13-21) He even said ███ (Vermeire Dep. at 236:8-18) As it can be seen, Touchnet's situation is far from the preparatory steps described in cases cited by TN - like in *Poly-America LP v. Stego Indus. LLC*, 694 F. Supp. 2d 600, 608 (N.D. Tex. 2010), where the defendant had already produced 80,000 pounds of the allegedly infringing product and in *City of Aurora v. PS Systems, Inc.*, 2008 U.S. Dist. LEXIS 82053, at *25-26 (Dist. Co. 2008), where the defendant had finalized plans, contracts, and ready-to-bid documents for a

construction project.  Mr. Vermeire summed up TN's lack of preparatory steps best when he testified that ███████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████ (Vermeire Dep. at 152:21-153:4)

TN even admits that it has known about the so-called "impending" legislation regarding debit card products since May 2012.  (TN's Opp. at p. 14)  At that time, TN's President submitted an affidavit in opposition to HOI's first motion to dismiss, calling TN's debit card product "imminent."  (Dkt No. 46, Exhibit A)  That was over 1.5 years ago and TN still does not have a debit card product, so it could not have been imminent then or now.  As discussed above,

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████  But, as TN states, the next steps for the possible legislation are merely some hearings in first quarter 2014.  (TN's Opp. at p. 14)  Those hearings may or may not result in final rules or legislation.  Since there is no definite timeline for final rules or legislation and no indication what that legislation will be, TN cannot claim, as it does, that debit card legislation will soon be clarified.  (TN's Opp. at p. 14)  As the Supreme Court stated in *Already*, "the fact that some individuals may base decisions on 'conjectural or hypothetical' speculation does not give rise to the sort of 'concrete' and 'actual' injury necessary to establish Article III standing . . ." 133 S.Ct. at 730.  There is obviously a great chance the **possible legislation** will cause TN to never market its debit card product, otherwise why would TN have put its development on hold in October 2012?  So the launch of TN's debit card product has never been and may never be imminent, and subject matter jurisdiction does not exist.

   **F.**  **TN's Allegations of Aggressive Litigation are Unfounded and Do Not Retain Subject Matter Jurisdiction Over the Declaratory Judgment Counterclaims**

The only party being unreasonable and aggressively litigating is TN. TN asserts that there remains jurisdiction over its patent-related counterclaims merely because HOI brought suit against TN as soon as its patents issued. (TN's Opp. at p. 13) TN's constant harangue that HOI is aggressive flies in the face of the facts, and is not true. It was HOI who offered TN a CNS and tried to dismiss this case over 1.5 years ago. TN is the party refusing to voluntarily dismiss all of its counterclaims, the counterclaims that legally must be dismissed for lack of subject matter jurisdiction, and those that should be dismissed for lack of any factual bases.

### IV. TN's Other Counterclaims (Counts I-III, VII-VIII), Grounded in HOI's Alleged Assertion of an Invalid Patent or Patent Misuse, Will be Shown to be Frivolous

Until now, HOI could not have anticipated that TN would continue baseless claims against HOI in the face of facts demonstrating the opposite. Despite that, TN argues that HOI should not be granted leave to amend its answer to add declaratory judgment claims of falsity for TN's other counterclaims because of supposed prejudice (even though practically no discovery has occurred in this case). (TN's Opp. pp. 19-20) TN's irrational behavior is sufficient proof that HOI must protect itself against serial baseless accusations, and if need be, ask this Court to decide whether the allegations TN seeks to pursue in this case are false. Therefore, HOI requests and should be granted leave to amend its Answer in this case.

### V. Conclusion

**TN is seeking an advisory opinion.** HOI's CNS has eliminated its claim of patent infringement. HOI's CNS is clear, unequivocal, and irrevocable. Because of that, certain of TN's counterclaims lack subject matter jurisdiction (IV, V, and VI) and should be dismissed. TN's other counterclaims are baseless, and this Court should allow HOI to amend its Answer to address those false allegations and seek fees for its defense.

**PLAINTIFF**
**HIGHER ONE, INC.**


By:   /s/ Joseph V. Saphia
      Joseph V. Saphia (ct28558)
      Laura A. Chubb (ct27794)
      Erika V. Selli (ct28946)
      FROMMER LAWRENCE & HAUG, LLP
      745 Fifth Avenue, Floor 10
      New York, NY 10150
      (212) 588-0800
      (212) 588-0500 fax
      jsaphia@flhlaw.com
      lchubb@flhlaw.com
      eselli@flhlaw.com

      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 6, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                        By: /s/ Laura A. Chubb_____