**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **HIGHER ONE, INC.**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOUCHNET INFORMATION SYSTEMS, INC.,**<br><br>**Defendant.** | **Civil Action No. 3:10-cv-01435-AWT**<br><br>**February 19, 2014** |

**HIGHER ONE, INC.'S ("HOI") OPPOSITION TO TOUCHNET INFORMATION SYSTEMS, INC.'S ("TN") MOTION TO STRIKE HOI'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS**

Once again, TN tries to derail HOI's attempts to dismiss this case and streamline the disputes between the parties. TN has now twice refused to agree to a voluntary dismissal of any of its counterclaims, whether lacking subject matter jurisdiction or basis, because of a phantom debit card product that has been allegedly "imminently" launching for over eighteen months. TN has still not launched that phantom product. Despite that, TN so badly wants to move forward with this litigation, that it now files a motion to strike HOI's reply in support of its renewed motion to dismiss. But, TN cannot even identify a single new argument that should be stricken from HOI's reply. That is because HOI's reply in support of its renewed motion to dismiss purely and properly responds to arguments TN made in its opposition.

Plus, besides being baseless, TN's motion is an improper sur-reply brief, for which TN did not first seek leave to file, masquerading as a motion to strike. TN uses its motion to strike to sneak in a sur-reply brief. If anyone is getting a second bite at the apple, it is TN.

TN's motion to strike should be denied not only because HOI's reply is proper and there are no new arguments to strike, but also because TN's motion to strike is really a sur-reply brief filed without leave and is extremely untimely.

## I. **Background**

On December 2, 2013, HOI filed its Renewed Motion to Dismiss Its Complaint and Defendant's Declaratory Judgment Counterclaims, and For Leave to Amend Its Answer to Remaining Counterclaims (Dkt. No 82). While HOI's Renewed Motion to Dismiss was only nine (9) pages, it addressed everything required in order to seek dismissal of its complaint and TN's declaratory judgment counterclaims. In opposition, TN filed a twenty-two page brief on December 23, 2013 (Dkt. No 84). In order to address the lengthy and baseless arguments made by TN, HOI filed a ten (10) page reply brief on January 6, 2014 (Dkt. No 85). Instead of immediately seeking relief, TN waited twenty-five (25) days, until January 31, 2014, to file its Motion to Strike New Arguments That Plaintiff First Introduced in its Reply Brief, or in the Alternative, Motion for Leave to File Defendant's Sur-Reply (Dkt. No 89). HOI now files this opposition asking this Court to deny TN's motion to strike.

## II. **HOI's Reply Brief Contains No New Arguments and Simply Rebuts TN's Opposition, So TN's Motion to Strike Should Be Denied**

HOI's reply in support of its renewed motion to dismiss is proper and simply rebuts the arguments in TN's opposition. In accordance with Local Rule of Civil Procedure 7(d), HOI's reply brief is "strictly confined to a discussion of matters raised by the responsive brief" and "contain[s] references to the pages of the responsive brief to which reply is being made." There are no arguments in HOI's reply brief which do not adhere to that standard.

TN first argues that HOI did not address the *Already, LLC v. Nike, Inc.* case until its reply brief and therefore HOI's arguments related to that case are new and should be stricken. [Dkt.

No 89 at pp. 3-4]. That is ridiculous. HOI clearly states in rebuttal to TN's argument (properly referencing pp. 2, 4-6 of TN's opposition) that it does not believe *Already* is the governing standard regarding who bears the burden to show dismissal should be granted. [Dkt. No 85 at pp 3-4]. HOI's arguments about the *Already* case are in response to TN's opposition, which is by definition proper reply brief material.

TN next argues that HOI did not address its burden under *Already* until its reply brief and therefore those arguments are new and should be stricken. [Dkt. No 89 at p. 4]. But as stated above, HOI does not believe *Already* is the governing standard, so HOI's arguments addressing a burden under *Already* directly responded to TN's opposition. As an example, TN cites the fact that HOI rebutted TN's argument that HOI's covenant not to sue was unenforceable because it did not cover TN's customers. But again, HOI clearly only argues in response that TN is wrong (properly referencing pp. 5-10 of TN's opposition). [Dkt. No 85 at pp. 4-5]. TN even admits that in its motion to strike, stating "For example, **Plaintiff responds to TouchNet's argument (see § III.B.4 of Doc. No. 84 at 10-11)** by arguing . . ." [Dkt. No 89 at p. 4 (emphasis added)].

Once again, TN attempts to craft a "new HOI argument" from the fact that HOI responded to TN's claim that HOI's covenant not to sue is unenforceable because TN "offered for sale [the phantom product] that it does not manufacture or sell now." [Dkt. No 89 at p. 5]. HOI clearly asks only in response (properly referencing pp. 5, 9-10 of TN's opposition), that if TN had such alleged offers for sale of its phantom product, where was the evidence of such offers? [Dkt. No 85 at p. 7].

Finally, TN argues that HOI has made a new argument by rebutting, with deposition testimony of two TN witnesses, TN's claim that its phantom debit card product is imminently launching. [Dkt. No 89 at p. 5-6]. Again, HOI made no new argument, but merely and properly

rebutted TN's argument that its debit card product was imminently launching (referencing pp. 5, 9-10, 13-16 of TN's opposition). HOI did so by offering the deposition testimony of two TN witnesses demonstrating that TN's debit card product was a phantom and that its launch was not imminent because any related legislation was unknown and in no way finalized. [Dkt. No 85 at pp. 7-9].

HOI's reply brief properly rebuts TN's opposition. But just because TN does not like HOI's arguments, TN claims HOI has made new arguments and asks this Court to forbid HOI from ever rebutting any of its twenty-two pages of opposition argument. TN's motion to strike must be denied.

## III. <u>TN's Motion to Strike is an Untimely, Improper Sur-Reply Brief Which Should be Denied</u>

In addition to having no basis to strike HOI's reply brief, TN's motion to strike is extremely untimely and is just an improper sur-reply brief cloaked in a motion to strike. If TN was so concerned about HOI's "new arguments," then why did it wait twenty-five (25) days to move to strike HOI's reply brief? That is longer than the time allotted for both oppositions (twenty-one days) and reply briefs (fourteen days). [Local Rule of Civil Procedure 7(a) and (d)]. TN's motion to strike is untimely and should be denied.

Not only is TN's motion to strike untimely, but it is actually a sur-reply brief filed without leave. This Court requires counsel to file a motion seeking permission and setting forth the basis to file a sur-reply brief before doing so. [*See* Judge Thompson's Pretrial Preferences]. TN failed to seek leave to file a sur-reply brief, so its attempt to sneak one in as a motion to strike should be denied.

## IV. Conclusion

TN's motion to strike should be denied not only because HOI's reply properly responds to TN's opposition without new arguments, but also because TN's motion to strike is extremely untimely and is a sur-reply brief filed without leave.

**PLAINTIFF**
**HIGHER ONE, INC.**

By: /s/ Joseph V. Saphia

Joseph V. Saphia (ct28558)
Laura A. Chubb (ct27794)
Erika V. Selli (ct28946)
FROMMER LAWRENCE & HAUG, LLP
745 Fifth Avenue, Floor 10
New York, NY 10150
(212) 588-0800
(212) 588-0500 fax
jsaphia@flhlaw.com
lchubb@flhlaw.com
eselli@flhlaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: _/s/ Laura A. Chubb___________