```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

------------------------------------x
                                    :
HIGHER ONE, INC.,                   :
                                    :
              Plaintiff,            :
                                    :   Civil No. 3:10CV1435(AWT)
v.                                  :
                                    :
TOUCHNET INFORMATION SYSTEMS, INC., :
                                    :
              Defendant.            :
                                    :
------------------------------------x
```

**RULING ON RENEWED MOTION TO DISMISS COMPLAINT AND
DEFENDANT'S DECLARATORY JUDGMENT COUNTERCLAIMS,
<u>AND FOR LEAVE TO AMEND ANSWER TO REMAINING COUNTERCLAIMS</u>**

Plaintiff Higher One, Inc. ("HOI") brings this action against TouchNet Information Systems, Inc. ("TN") alleging infringement of HOI's U.S. Patent No. 7,792,744 patent (the "'744 patent"). TN's answer includes eight counterclaims, which fall into two categories: patent-based declaratory judgment counterclaims (Counts IV, V, and VI), and counterclaims for antitrust violations and unfair competition related to the '744 patent (Counts I-III and VII-VIII). The plaintiff moves under Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss the Complaint and moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss TN's declaratory judgment counterclaims (Counts IV, V, and VI). The plaintiff further seeks leave to amend its answer to TN's remaining counterclaims (Counts I-III

1

and VII-VIII) "to include requests for declaratory judgments that the allegations of each remaining counterclaim are false." (Renewed Motion to Dismiss Its Complaint and Defendant's Declaratory Judgment Counterclaims, and for Leave to Amend its Answer to Remaining Counterclaims, Doc. No. 82, at 1.)  For the reasons set forth below, the motion is being granted in part and denied in part.

I.   BACKGROUND

This is one of two patent infringement actions HOI has filed against TN.  On February 27, 2009, HOI filed an action against TN alleging infringement of U.S. Patent No. 7,496,536.  On September 8, 2010, HOI filed this case against TN alleging infringement of the '744 patent.  In July 2011, the court stayed the two actions to facilitate settlement negotiations.  The stay was lifted in March 2012 without a settlement in either action.  On May 2, 2012, HOI's counsel wrote to TN's counsel informing them that HOI had decided to provide TN with a covenant not to sue on the '744 patent. The covenant correspondence stated:

> Our, client, Higher One Inc. ("HOI"), has decided to withdraw its claim for patent infringement of the '744 patent (CVA 3:10-cv-01435(AWT)) against your TouchNet.
>
> Specifically, HOI will not sue TouchNet for patent infringement as to any claim of U.S. Patent No. 7,792,744 based on products currently manufactured and sold by TouchNet.
>
> Please let me know whether your client is willing to join with HOI and voluntarily dismiss CVA 3:10-cv-

01435 (AWT) with Prejudice. Thank you.

(Higher One Inc.'s Memorandum of Law ("HOI's Mem."), Doc. No. 82-1, 4-5.)  TN's counsel responded that TN would not agree to voluntarily dismiss any of TN's counterclaims.  On May 18, 2012, HOI filed an initial motion to dismiss.  In opposition to the motion, TN submitted an affidavit by its President, Daniel Toughey, stating that a new product launch was imminent and TN feared that HOI would bring an action against the new product. HOI subsequently withdrew that motion to dismiss.  In June 2013, HOI again offered TN a covenant not to sue.  Finally, on November 26, 2013, HOI sent TN, in an e-mail, the following covenant not to sue:

> Our client, Higher One Inc. ("HOI"), has decided to withdraw its claim for infringement of the '744 patent (CVA 3:10-cv-1435(AWT)) against TouchNet.
>
> Specifically, HOI will not sue TouchNet for patent infringement as to any claim of U.S. Patent No. 7,792,744 based on any products currently manufactured and sold by TouchNet.

(HOI's Reply, Exhibit 1, Doc. No. 85-1.)[1]

**II.  LEGAL STANDARD**

**A. Federal Rule of Civil Procedure 41(a)(2)**

Rule 41(a)(2) provides, in relevant part:

> [A]an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a

---

[1] It appears that the November 26, 2013 covenant not to sue did not indicate, as the May 2, 2012 covenant did, that HOI would be voluntarily dismissing this action with prejudice.

3

counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). "When deciding issues in a patent case, a district court applies the law of the circuit in which it sits to nonpatent issues and the law of the Federal Circuit to issues of substantive patent law." Astra Aktiebolag v. Andrx Pharm., 222 F. Supp. 2d 423, 486 (S.D.N.Y. 2002); see Andersen Corp. v. Pella Corp., 300 Fed. Appx. 893, 900 (Fed. Cir. Nov. 19, 2008) ("Because dismissal with or without prejudice is a question of procedure, we apply the law of the regional circuit.").

"Rule 41(a)(2) dismissals are at the district court's discretion . . . ." D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir. 1996). "A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby.'" Id. (quoting Wakefield v. N. Telecom Inc., 769 F.2d 109, 114 (2d Cir. 1985)).

"Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006). The first line of authority "indicates that such a dismissal would be improper if the defendant would suffer some plain legal

4

prejudice other than the mere prospect of a second lawsuit." Camilli, 436 F.3d at 123 (quoting Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217 (1947)) (internal quotation marks omitted). "Plain legal prejudice" has been defined to include "the plight of a defendant who is ready to pursue a claim against the plaintiff in the same action that the plaintiff is seeking to have dismissed." Camilli, 436 F.3d at 124 (emphasis in original). For example, when "the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action." Id.

The second line of authority "indicates that the test for dismissal without prejudice involves consideration of various factors, known as the Zagano factors." Camilli, 436 F.3d at 123). The Zagano factors include: "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990). "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011).

5

In addition, "a district judge may convert a dismissal sought to be entered without prejudice to one with prejudice." Gravatt v. Columbia Univ., 845 F.2d 54, 56 (2d Cir. 1988). However, "an opportunity to withdraw a motion for dismissal without prejudice must be afforded a plaintiff before the dismissal is converted to one with prejudice." Id. at 56.

### B. Federal Rule of Civil Procedure 12(b)(1)

A claim is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. See Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996). On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurechione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

### C. Motion to Amend

When it no longer has the right to amend it as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P.

6

15(a)(2).  "In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'"  Foman v. Davis, 371 U.S. 178, 182 (1962).  "The Second Circuit has held that a Rule 15(a) motion should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party."  Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603 (2d Cir. 2005).

**III. DISCUSSION**

    **A. Renewed Motion to Dismiss the Complaint[2]**

While TN does not object to dismissing the Complaint, TN contends that the dismissal should be with prejudice.  However, TN has presented no argument that it would suffer any plain legal prejudice, or any prejudice, if the Complaint is dismissed without prejudice.  At this stage of the case TN is not "in a position to demand on the pleadings an opportunity to seek affirmative relief[,]" Camilli, 436 F.3d at 124, nor has TN suggested that a dismissal without prejudice would harm its

---

[2] While HOI's motion does not state whether it is seeking a dismissal with prejudice or without prejudice, the court construes the motion as seeking a dismissal without prejudice because in HOI's reply, it opposes TN's position that the dismissal should be with prejudice.

7

counterclaims against HOI or prevent TN from receiving relief to which TN is entitled.

The Zagano factors also weigh in favor of granting HOI's motion to dismiss the Complaint without prejudice. With respect to the first factor, the court finds that the plaintiff has been sufficiently diligent in seeking withdrawal of the Complaint. This is HOI's second motion to voluntarily dismiss the Complaint after offering TN a covenant not to sue. HOI withdrew its first motion after TN filed an affidavit stating that a new product launch was imminent. Eighteen months later, with no new product having been launched by TN, HOI again offered TN a covenant not to sue. When TN responded that it would not withdraw any of its counterclaims, HOI filed the instant motion. As to the second factor, while this is the second patent infringement action HOI has filed against TN and while both parties' counsel have been zealous advocates, the record does not show that HOI has engaged in "undue vexatiousness"; the fact that HOI has offered TN a covenant not to sue on multiple occasions is inconsistent with such a conclusion. As to the third factor, although the case was filed four years ago, since the lifting of the stay there has been no substantive activity in this case, other than filings related to the instant motion, since June 2012 when HOI withdrew its first motion to dismiss. It appears HOI was waiting to assess the impact of TN's new product launch, and

8

neither party was moving this action towards being trial ready. With respect to the fourth factor, there will be no further litigation of HOI's claims relating to the '744 patent to the extent such claims arise from any TN product currently made, used, or offered for sale in the United States. Finally, as to the fifth factor, the court finds HOI's explanation for dismissing the Complaint adequate. HOI's voluntary dismissal of the Complaint is rational in light of its covenant not to sue. Therefore, the Zagano factors weigh in favor of granting HOI's voluntary dismissal without prejudice.

TN asserts that HOI's Complaint should be dismissed with prejudice by virtue of HOI's covenant not to sue and cites to Dodge-Regupole, Inc. v. R.B. Rubber Prod., Inc., 585 F. Supp. 2d 645 (M.D. Pa. 2008) and Cooper Notification, Inc. v. Twitter, Inc., 545 Fed. Appx. 959 (Fed. Cir. Aug. 30, 2013), for support. However, Dodge-Regupole and Cooper Notification are distinguishable because those cases had progressed to a materially different stage, i.e., beyond the Markman stage. See Dodge-Regupole, 585 F. Supp. 2d at 652 ("This case has been pending for more than two years and nine months, and has progressed through a Markman hearing and decision and significant discovery."); Cooper Notification, 545 Fed. Appx.at 963 ("A few days before dismissing claims 1-11 [with prejudice], the district court issued its Markman opinion and order . . .

9

."). Here, the case is nowhere close to a Markman hearing. TN also asserts that HOI has offered no reason why the dismissal should operate without prejudice. However, neither Camilli nor the Zagano factors require HOI to provide such a reason. Therefore, HOI's request for voluntary dismissal without prejudice is being granted.

**B. Motion to Dismiss under Rule 12(b)(1)**

HOI also moves to dismiss TN's declaratory judgment counterclaims (Counts IV, V, and VI) under Rule 12(b)(1) on the ground that HOI's covenant not to sue eliminates the court's subject matter jurisdiction over these counterclaims.

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). "[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126-27 (2007) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937)). "A case becomes moot – and therefore no longer a 'Case' or 'Controversy' for purposes of Article IIII – 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" Already, LLC v.

10

Nike, Inc., 133 S.Ct. 721, 726 (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" Id. at 727 (quoting Alvarez v. Smith, 558 U.S. 87, 93 (2009)).

"As the Supreme Court has recognized, a covenant not to sue a declaratory judgment plaintiff can moot a controversy between the parties." Organic Seed Growers and Trade Ass'n v. Monsanto Co., 718 F.3d 1350, 1357 (Fed. Cir. 2013). "Whether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., 556 F.3d 1294, 1297 (Fed. Cir. 2009). It remains true, however, that "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." Already, 133 S.Ct. at 727. "[O]ur cases have explained that 'a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" Id. (quoting Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 190 (2000)). Therefore, as the party attempting to moot its case, "it [i]s [HOI]'s burden to show that it 'could not reasonably be

11

expected' to resume its enforcement efforts against [TN]." Id. (quoting Friends of the Earth, Inc., 528 U.S. at 190). "The burden is not on [TN] to show that a justiciable controversy remains." Id. at 733 (Kennedy, J., concurring).³ "The case is moot if the court, considering the covenant's language and the plaintiff's anticipated future activities, is satisfied that it is 'absolutely clear' that the allegedly unlawful activity cannot reasonably be expected to recur." Already, 133 S.Ct. at 729.

The breadth of HOI's covenant not to sue does not suffice to meet the burden imposed by the voluntary cessation test. In Already, the Supreme Court concluded that "given the breadth of the covenant [Nike's enforcement of its trademark] cannot reasonably be expected to recur." 133 S.Ct. at 732. Factors that supported this conclusion included: (1) the covenant was unconditional and irrevocable; (2) it prohibited Nike from making any claim or any demand; (3) it reached beyond Already to protect Already's distributors and customers; and (4) it covered past and current designs as well as any colorable imitations. See id. at 728. By comparison, HOI's covenant not to sue is more limited in scope than Nike's covenant, i.e., it only covers

---

³ HOI contends that the burden is on TN to show subject matter jurisdiction for its declaratory judgment counterclaims. However, in each of the cases HOI cites for support, the party claiming declaratory judgment jurisdiction was the plaintiff, not the defendant asserting a counterclaim in response to the plaintiff's claim of patent infringement.

12

"products currently manufactured and sold by TouchNet." (HOI's Reply, Doc. No. 85, at 5.)  In fact, contrary to HOI's assertion, HOI's covenant is more limited in scope than the covenant in Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054 (Fed. Cir. 1995), abrogated on other grounds by MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007), because Super Sack's covenant not to sue covered "Chase's bulk bags previously or currently manufactured or sold by Chase." Id. at 1057.  While the covenant language HOI has quoted from Super Sack[4] does not reference past products, it is clear based on the entire opinion that Super Sack's covenant covered both past and present products.  See 57 F.3d at 1059 ("Because Chase can have no reasonable apprehension that it will face an infringement suit . . . with respect to past and present products, it fails to satisfy the first part of our two-part test of justiciability.").

In addition, HOI's covenant also does not extend to future sales of TN products that were previously sold.  See Revolution Eyewear, Inc., 556 F.3d at 1297 (holding that the covenant not to sue did not divest subject matter jurisdiction because the covenant did not extend to future sales of the same product as was previously sold).  TN has represented that it "offered

---

[4] "Super Sack will unconditionally agree not to sue Chase for infringement as to any claim of the patents-in-suit based upon the products currently manufactured and sold by Chase." (HOI's Mem., Doc. No. 82-1, at 9.)

13

certain products for sale that were never sold; those products were thus clearly not 'manufactured and sold' when Plaintiff purportedly gave its [covenant not to sue] to TouchNet." (TN's Opposition ("TN's Opp."), Doc. No. 84, at 10.)  TN further has represented that "[o]nce the cloud of uncertainty caused by this litigation is removed, TouchNet is prepared to resume selling those products." (Id.)  While HOI has not represented whether it intends to pursue an infringement claim against TN should TN resume selling those products or whether it intends to pursue an infringement claim against TN for past products, HOI's silence concerning its anticipated future activities means that it is not "absolutely clear" that it "could not reasonably be expected to resume its enforcement efforts" against TN.  Already, 133 S.Ct. at 727 (internal quotation marks omitted).

HOI has not demonstrated that its covenant is of sufficient breadth and force that TN can have no reasonable anticipation of a future patent infringement claim from HOI.  Therefore, HOI's motion to dismiss TN's declaratory judgment counterclaims (Counts IV, V, and VI) under Rule 12(b)(1) is being denied.

### C. Motion for Leave to Amend Answer to TN's Remaining Counterclaims

TN contends that "it would constitute undue delay and impose prejudice upon TouchNet for Plaintiff to now add claims to this case." (TN's Opp., Doc. No. 84, at 20.)  With respect

to undue delay, HOI has represented that it seeks to "amend its answer to add requests for declaratory judgments for each of TN's remaining counterclaims that the allegations of each are not true" "[b]ecause of TN's representations . . . and TN stubbornly maintains its remaining patent misuse counterclaims (Counts I-III and VII-VIII) despite HOI's covenant not to sue and withdrawal of its claim."  (HOI's Mem., Doc. No. 82-1, at 9.)  It appears that HOI's request for leave to amend is motivated by TN's actions in 2013.  Thus, it cannot be said that there was undue delay.

With respect to prejudice, "practically no discovery has occurred in this case" (HOI's Reply, Doc. No. 85, at 10), and it appears that neither party has taken significant steps toward developing its case such that granting HOI leave to amend would impose prejudice on TN.  Therefore, HOI's motion for leave to amend its answer "to include requests for declaratory judgments that the allegations of [Counts I-III and VII-VIII] are false" (HOI's Renewed Motion to Dismiss, Doc. No. 82, at 1) and to add a request for its attorney's fees is being granted.

**IV.  CONCLUSION**

Accordingly, HOI's Renewed Motion to Dismiss Its Complaint and Defendant's Declaratory Judgment Counterclaims, and for Leave to Amend Its Answer to Remaining Counterclaims (Doc. No. 82) is being GRANTED in part and DENIED in part.  HOI's

Complaint is hereby dismissed without prejudice under Rule 41(a)(2).  HOI's motion to dismiss TN's declaratory judgment counterclaims (Counts IV-VI) is denied.  HOI shall file an amended answer to include a request for declaratory judgments that the allegations of Counts I-III and VII-VIII are false and a request for attorney's fees within 21 days.

It is so ordered.

Signed this 26th day of September 2014, at Hartford, Connecticut.

/s/
Alvin W. Thompson
United States District Judge