IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HIGHER ONE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:10-cv-01435(AWT) |
| v. ) | |
| ) | |
| TOUCHNET INFORMATION SYSTEMS, INC., ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

## TOUCHNET'S MOTION TO DISMISS HIGHER ONE'S COUNTERCLAIMS, WITH SUGGESTIONS IN SUPPORT INCORPORATED

Pursuant to Fed. R. Civ. P. 12(b)(6), Counterclaim Plaintiff TouchNet Information Systems, Inc. ("TN") hereby moves this Court to dismiss all of the counterclaims asserted by Higher One, Inc. ("HOI") in its Amended Answer, Affirmative Defenses and Counterclaims to TN's Counterclaims filed by HOI on October 17, 2014 (*see* Doc. No. 95). Alternatively, and pursuant to Fed. R. Civ. P. 12(f), TN moves this Court to dismiss HOI's prayer for a "judgment in favor of [HOI] with respect to its" Counterclaims that TN's eight claims are false as redundant with TN's claims and HOI's Answer thereto.

None of HOI's "counterclaims" are viable counterclaims. HOI instead asserts as its eight "counterclaims" allegations that are merely the mirror image of TN's eight affirmative claims for relief. HOI's prayer for declaratory judgment in its favor with respect to those eight claims adds nothing. Nor does HOI's premature request for an award of attorney's fees pursuant to the federal patent statute (35 U.S.C. § 285) make those claims viable. Under well-established Federal Circuit precedent, HOI must seek those fees in a Rule 54(b) post-judgment motion. Its "counterclaims" are improper and the Court should dismiss or strike them from this case.

**LEGAL STANDARDS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure (and its by-now familiar standard for dismissal of claims) applies equally to any claim for relief, including those that are denominated as counterclaims. *Garden Catering-Hamilton Ave., LLC v. Wally's Chicken Coop, LLC*, No. 3:11cv1892 (JBA), 2013 WL 656733, *1, n.1 (D. Conn. Feb. 22, 2013) ("counterclaim-defendant may move to dismiss a counterclaim that fails 'to state a claim upon which relief can be granted'" pursuant to Rule 12(b)(6)).  "A counterclaim will not survive a motion to dismiss if it relies on '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' or if 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Garden Catering-Hamilton Ave.*, *id.* at *1, n.1 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  To survive a Rule 12(b)(6) motion to dismiss, a counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Iqbal*, 556 U.S. at 677, in turn quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Kuck v. Danaher*, 600 F.3d 159, 162–63 (2d Cir. 2010).  A claim should thus not survive a Rule 12 motion to dismiss where the party asserting it fails to allege one or more *prima facie* elements. *U.S. v. 43.47 Acres of Land, More or Less, Situated in County of Litchfield, Town of Kent*, 896 F.Supp.2d 151, 155-56 (D. Conn. 2012) (dismissing complaints where plaintiff could not satisfy one or more *prima facie* element of its claims).

Additionally, other district courts within the Second Circuit have held that Rule 12(f)[1] also independently permits them to strike counterclaims (like the ones asserted by HOI herein) that are merely a "mirror image" of the opposing party's affirmative claims because those claims serve no independent purpose. *Arista Records LLC v. Usenet.com, Inc.*, 07 Civ. 8822, 2008 WL 4974823, *3

---

[1] Fed.R.Civ.P. 12(f) provides that "the court may strike from a pleading ... any redundant ... matter."

(S.D.N.Y., Nov.24, 2008); *Five Star Development Resort Communities LLC v. iStar RC Paradise Valley LLC*, No. 09 Civ.2085(LTS), 2012 WL 1003557, *4 (S.D.N.Y., March 26, 2012) (quoting *Arista Records*).

## ARGUMENT

HOI's eight counterclaims are classic "mirror image" claims that seek primarily two forms of relief: (1) a judgment in HOI's favor declaring only that the allegations of each of TN's eight counterclaims "are not true"[2]; and (2) an award of HOI's attorney's fees pursuant to section 285 of the federal patent statute.[3] HOI's counterclaims do not state viable claims for relief and should thus be dismissed. In addition, this Court should strike each of HOI's eight counts. Each only responds in mirror image fashion to one of TN's corresponding eight claims. The first form of relief sought in HOI's prayer is subsumed in HOI's Answer, which denied TN's counterclaims as untrue. *See* Doc. No. 95 at 1-6. Finally, HOI's prayer for an award of attorney's fees is an improper basis for its counterclaim. Such a request must be raised by post-judgment motion (after it prevails, if it does) and it is thus premature as well. Accordingly, this Court should dismiss and/or strike all of HOI's counterclaims herein.

With respect to the eight enumerated counts set forth within HOI's Counterclaims (*see* Doc. No. 95 at 11-14), each alleges only that the allegations within TN's correspondingly-numbered claim are false ( or "not true"), and each seeks a declaration that HOI is entitled to judgment with respect to that corresponding TN claim. Each "claim" is thus a classic "mirror image" of one of TN's claims. They serve no independent purpose because, in its Answer, HOI already denied each of TN's eight claims. The counterclaims should thus be dismissed.

---

[2] *See* Doc. No. 95 at ¶¶42, 47, 52, 56, 60, 64, 69, 74 and Prayer for Relief ¶A.

[3] *See* Doc. No. 95 at Prayer for Relief ¶B.

This Court has previously granted motions to dismiss similar claims. For example, in *Philadelphia Indem. Ins. Co. v. Peck*, this Court dismissed counterclaims that it concluded were subsumed by the corresponding claims of the complaint. No. 3:06CV0375 (AWT), 2007 WL 2815047, *3 (D. Conn. Sept. 26, 2007) (dismissing counterclaim where "the factual allegations in" that claim "are subsumed by" plaintiff's claim). Similarly, in *Allstate Ins. Co. v. Martinez*, this Court also dismissed "mirror image" counterclaims pursuant to a Rule 12(b)(6) motion. No. 3:11cv574 (VLB), 2012 WL 1379666, *4 (D. Conn., April 20, 2012) (citing *Five Star Dev. Resort Communities*, 2012 WL 1003557; *Arista Records*, 2008 WL 4974823; and *Philadelphia Indem. Ins.*, 2007 WL 2815047). This Court should reach the same conclusion here. HOI's counterclaims are mirror image claims that serve no independent purpose. This Court should dismiss them.

Alternatively, pursuant to Rule 12(f), this Court should at minimum strike HOI's request for separate declarations that the allegations in TN's eight counts are false and should strike the first paragraph of HOI's Prayer for Relief ("A"). Those "claims" are redundant with HOI's Answer to TN's eight claims. Each is a mere "mirror image" of the correspondingly-numbered count in TN's Counterclaims. This Court should at minimum strike those counts from this case.

Finally, TN anticipates that HOI will argue that its prayer for an award of attorney's fees somehow makes it claims independent ones. For example, the introductory paragraphs in HOI's Counterclaims are largely disconnected from the eight counts that follow that introduction. The introduction culminates in three allegations upon which HOI apparently intends to contend that, if they are proven, entitle it to this court's conclusion the case is an "exceptional" one under section 285 and that it is thus entitled to an award of its attorney's fees. *See* Doc. No. 95 at ¶¶ 35-37.

However, the Federal Circuit clearly holds that such fee requests under section 285 must be processed as post-judgment motions under Rule 54 – and not raised by counterclaim. *See e.g.*, *IPXL*

*Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1386 (Fed. Cir. 2005) ("any claim to attorney fees must be processed in compliance with Rule 54(d)(2)(B)"); *Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1306 (Fed. Cir. 2009) (same, citing *IPXL Holdings*). "No provision in section 285 exempts requests for attorney fees thereunder from compliance with Rule 54(d)(2)(B)." *IPXL Holdings*, 430 F.3d at 1386. All of the published decisions addressing section 285 awards from both the U.S. Supreme Court and the Federal Circuit arose from requests made by the alleged-prevailing party in post-judgment motions.[4] Because HOI's prayer for an award of fees is not "exempted" from Rule 54, HOI's request must be processed thereunder. *Id*. In other words, HOI must make its request by post-judgment motion, *if it ultimately prevails*. HOI has simply not yet stated a viable cause of action by adding a fee award request to its "counterclaims." This Court should dismiss HOI's counterclaims.

The requirement that parties seek fee awards by post-judgment motion also is necessitated by a statutory requirement. Section 285 only permits movants to recover attorney's fees if they are the "prevailing party" in the case (and then only if the movant also persuades the district court that the case is an exceptional one). HOI already voluntarily dismissed all of its affirmative claims for patent infringement in this case and granted TN a broad covenant not to sue on its patent as a result of this litigation (though not broad enough to moot this controversy). For these reasons, TN believes it already should be deemed the prevailing party and it intends to timely file a post-judgment motion seeking its fees at the conclusion of this case.

But assuming that HOI could ever argue that it is somehow the "prevailing party" in these circumstances, HOI may at best only contend that it has "prevailed" if it first actually prevails on at least some claim in this litigation. For that reason, HOI's request for an award of attorney's fees

---

[4] TN is not aware of any published decision wherein a party has successfully obtained a section 285 fee award by counterclaim.

now is also grossly premature. That "claim" should thus be dismissed for that reason as well. *Cf. Whitserve LLC*, 2007 WL 2028764 at *2 (D. Conn., July 11, 2007) (dismissing counterclaims as premature where party asserting them was not yet a "prevailing party").

## CONCLUSION

WHEREFORE, for all these reasons set forth herein, this Court should dismiss each of the counterclaims asserted herein by HOI in Doc. No. 95, or alternatively, this Court should strike each of them from this case as redundant with TN's counterclaims and HOI's Answer.

Respectfully submitted,

DAY PITNEY LLP
Elizabeth Ann Alquist
242 Trumbull St.
Hartford, CT 06103-1212
(860) 275-0137
(860) 275-0342 (facsimile)


SPENCER FANE BRITT & BROWNE LLP


By:    /s/ Lih C. Chen
  Patrick J. Whalen, Mo. Bar #45594
        Admitted pro hac vice
  Kyle J. Elliott, Mo. Bar #49145
        Admitted pro hac vice
  Lih C. Chen, Mo Bar #62263
        Admitted pro hac vice
  1000 Walnut Street, Suite 1400
  Kansas City, MO 64106
  (816) 474-8100
  (816) 474-3216 (facsimile)
  pwhalen@spencerfane.com
  kelliott@spencerfane.com
  lchen@spencerfane.com

KUTAK ROCK LLP
I. Edward Marquette
1010 Grand Blvd., Suite 500

Kansas City, MO 64106
Tel: (816) 960-0090
Fax: (816) 960-0041
Ed.Marquette@KutakRock.com

ATTORNEYS FOR DEFENDANT/
COUNTERCLAIM PLAINTIFF

WA 6290749.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 7, 2014 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

                                        /s/ Lih C. Chen
                                        Attorney for Defendant

WA 6290749.1