IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HIGHER ONE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:10-cv-01435(AWT) |
| v. ) | |
| ) | |
| TOUCHNET INFORMATION SYSTEMS, INC., ) | |
| ) | |
| Defendant            . ) | |

**COUNTERCLAIM PLAINTIFF'S MOTION TO AMEND**
**CAPTION AND FOR REALIGNMENT**

TouchNet Information Systems, Inc. ("TN") hereby moves to amend the caption of this case to reflect that the original plaintiff, Higher One, Inc. ("HOI"), voluntarily dismissed all of its original claims and that TN has now become the plaintiff asserting claims which it originally asserted as counterclaims. TN's claims were the earliest filed claims that remain pending. The caption of this case should thus be modified to realign TN as Plaintiff and HOI as Defendant.

**FACTUAL BACKGROUND**

HOI initially brought this action alleging that TN infringed HOI's U.S. Patent No. 7,792,744 (the "744 Patent"). TN answered with eight counterclaims which can be categorized into two groups: first, counterclaims seeking damages and a declaration that TN has not infringed HOI's 744 Patent (Counts IV – VI); and second, counterclaims seeking damages and a declaration that HOI's knowing assertion of its invalid 744 Patent constitutes antitrust violations (Counts I – III) and unfair competition (Counts VII – VIII). (Doc. 93, at 1). HOI then moved to voluntarily dismiss its own claims, and to involuntarily dismiss TN's counterclaims. (Doc. 82). This Court granted HOI's motion for voluntary dismissal, but refused to dismiss TN's counterclaims. (Doc. 93, at 10). The Court also granted HOI leave to amend its answer to TN's counterclaims, which HOI did. (Doc. 95). For the reasons that follow, TN should be realigned as Plaintiff and HOI as Defendant.

**ARGUMENT**

As HOI recognized by seeking leave to assert **counter**claims in its recently-filed answer, TN is now the Plaintiff herein because its claims for damages and declaratory judgment were the earliest-filed claims that remain pending in this case. In its motion filed December 2, 2013, HOI moved for leave to dismiss its own claims voluntarily, moved this Court to dismiss TN's declaratory judgment claims, and moved for leave to assert its counterclaims to TN's declaratory judgment claims. (Doc. 82). In its order filed September 26, 2014, this Court granted HOI leave to voluntarily dismiss its complaint, refused to dismiss TN's claims and granted HOI leave to file an amended answer asserting its *counter*claims against TN's affirmative claims. (Doc. 93, at 10-14).

When "subsequent events in the case significantly shift" the practical roles of the parties, such as a dismissal of certain claim so that a defendant asserts the first-filed claims that remain pending, the district court should realign that defendant as the plaintiff. *Cf. Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:10-CV-2618-D, 2014 WL 320155, at *1-2 (N.D. Tex. Jan. 29, 2014) (realigning the defendant as plaintiff because subsequent events changed the roles of the parties); *Price v. Washington*, No. 3:10-CV-2202-L, 2012 WL 2865484, at *2 (N.D. Tex. July 12, 2012) (realigning interpleader defendant as plaintiff "because she was the first party to appear and file an answer, counterclaim, and crossclaim"). By asserting claims for damages and for declaratory judgment (even as counterclaims), TN "became a plaintiff," at least in certain respects. *See Merchants' Heat & Light Co. v. James B. Clow & Sons*, 204 U.S. 286, 289 (1907) ("by setting up its counterclaim [a] defendant became a plaintiff in its turn"); *Am. Sur. Co. v. Am. Mills Co.*, 273 F. 67, 73 (2d Cir. 1921) *aff'd*, 260 U.S. 360 (1922) (same). Thus, when HOI voluntarily dismissed all of its claims (*see* Doc. 82), that dismissal left TN as the plaintiff who is asserting the first-filed claims that remain pending in the case.

In patent infringement cases, courts have consistently held that a party who was originally the defendant should be realigned as the plaintiff where the plaintiff-patentee's claims dismissed and the defendant's claims remain active. *See Board of Trustees of Florida State Univ. v. American. Bioscience, Inc.*, 333 F.3d 1330, 1336 (Fed. Cir. 2003) (affirming the district court's realignment of defendant as plaintiff once plaintiffs voluntarily dismissed their claims); *Plumtree Software, Inc. v. Datamize*, LLC, No. C 02-5693 VRW, 2003 WL 25841157, at *1 (N.D. Cal. Oct. 6, 2003) (granting defendant's motion to realign it as plaintiff after plaintiff's claims dismissed); *Linear Group v. Attica*, 2014 WL 4206871, *10-*11 (E.D. Mich. 2014) (same).

In very similar circumstances to those presented here, the district court in *Research in Motion Ltd. v. Visto Corp.* realigned a defendant accused of patent infringement who asserted declaratory judgment counterclaims as the proper party plaintiff therein after the plaintiff-patentee's claims were voluntarily dismissed. 457 F. Supp. 2d 708, 716 (N.D. Tex. 2006) (granting plaintiff-patentee's motion for voluntary dismissal, refusing to dismiss defendant's declaratory judgment claims and realigning accused infringer as plaintiff). By seeking leave to file its surviving claims as *counter*claims, HOI recognized that it is now the Defendant. (*see* Doc. 95). Its motion for leave expressly acknowledged that TN's declaratory judgment claims are now the principal claims against which it must assert counterclaims. The Court should thus realign TN as Plaintiff, HOI as Defendant, and amend the caption herein to reflect that realignment.

## CONCLUSION

For all these reasons, this Court should modify the case caption by realigning TN as the Plaintiff and HOI as the Defendant.

           Respectfully submitted,

           DAY PITNEY LLP
           Elizabeth Ann Alquist

242 Trumbull St.
Hartford, CT 06103-1212
(860) 275-0137
(860) 275-0342 (facsimile)

SPENCER FANE BRITT & BROWNE LLP


By:      /s/ Lih C. Chen
  Patrick J. Whalen, Mo. Bar #45594
        Admitted pro hac vice
  Kyle J. Elliott, Mo. Bar #49145
        Admitted pro hac vice
  Lih C. Chen, Mo Bar #62263
        Admitted pro hac vice
  1000 Walnut Street, Suite 1400
  Kansas City, MO 64106
  (816) 474-8100
  (816) 474-3216 (facsimile)
  pwhalen@spencerfane.com
  kelliott@spencerfane.com
  lchen@spencerfane.com

KUTAK ROCK LLP
I. Edward Marquette
1010 Grand Blvd., Suite 500
Kansas City, MO 64106
Tel: (816) 960-0090
Fax: (816) 960-0041
Ed.Marquette@KutakRock.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 7, 2014 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

                                                    /s/ Lih C. Chen
                                             Attorney for Defendant

WA 6251655.3